HOBOKEN FERRY COMPANY ET AL., RESPONDENTS, v. THE STATE BOARD OF TAXES AND ASSESSMENT AND THE CITY OF HOBOKEN, APPELLANTS.

Submitted May 28, 1926—Decided October 18, 1926.

1. The fact that the Supreme Court, in an opinion in *certiorari* bringing up a tax assessment by the board of taxes and assessment, calls attention to the difference in the assessment of two portions of the same tract, and then queries why this was done, affords no ground for the contention that the judgment of the court was based on a wrong principle.
2. Where there is evidence in such case upon which the judgment of the Supreme Court may rest, that judgment cannot be disturbed on review by this court.

On appeal from the Supreme Court, whose *per curiam* is printed in 3 *N. J. Mis. R.* 361.

For the appellants, *Horace L. Allen.*

For the respondents, *Congleton, Stallman & Hoover.*

The opinion of the court was delivered by

LLOYD, J.   The appeal in this case is from a judgment of the Supreme Court, reducing the assessments of taxes for the years 1921 and 1922 on property owned by the ferry company and used by the railroad company.   The property in question comprises approximately six acres of land, being part of a larger tract likewise owned and used.   When assessed originally the tract was divided for purposes of taxation into two parts, the portion with which we are now concerned being styled plot B 2 was assessed at $108,900 per acre, and the remaining portion at $75,000 per acre.   On appeal to the state board from the larger assessment it was reduced to $98,000, and on review by *certiorari* was still further reduced by the Supreme Court to $75,000 per acre for each year.

The burden of the argument for reversal is that the Supreme Court adopted a wrong principle in making the reduction for the respective years, because in the course of the opinion the propriety of the discrimination in value between the two portions of the same tract is questioned, and further, that the court did not have before it evidence to justify its action.

As to the first, it is obviously unfounded.   The Supreme Court opinion calls attention to the difference in the assessment of the two portions, and then queries why this was done. It then proceeds to recite the evidence tending to establish a valuation upon which the reduction which it made was justified.

As to the second, it is also without merit.   There was abundance, if not a manifest preponderance, of proof that the property was worth less than $75,000 per acre, and even if the evidence were differently appraised it would still lead

to an affirmance of the judgment inasmuch as if there is any evidence upon which that judgment may rest it will not be disturbed on review in this court. This rule, stated in *Yellow Pine Co.* v. *Board of Assessors,* 72 *N. J. L.* 182, has been so many times reiterated in this court that it needs no further citation of authority.

The judgment of the Supreme Court is affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Katzenbach, Lloyd, White, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 12.

*For reversal*—None.